Filed 3/3/16  P. v. Geeting CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079512 |
| Plaintiff and Respondent, | (Super. Ct. No. CM041811) |
| v. | |
| LESTER MARK GEETING, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Lester Mark Geeting has asked us to review his conviction pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

**BACKGROUND**

Defendant was charged with possession for sale of methamphetamine (Health & Saf. Code, § 11378 – count 1), possession for sale of heroin (Health & Saf. Code, § 11351 – count 2), possession of a firearm by a prohibited person (Pen. Code, § 29800,

1

subd. (a)(1) – count 3),[1] misdemeanor possession of heroin (Health & Saf. Code, § 11350, subd. (a) – count 4), and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a) – count 5). The complaint alleged that, as to counts 1 and 2, defendant had sustained a prior controlled substance conviction within the meaning of Health and Safety Code, section 11370.2, subdivision (a). The complaint further alleged that, as to all counts, defendant suffered three prior prison terms within the meaning of section 667.5, subdivision (b), and a prior strike conviction within the meaning of section 667, subdivisions (b) through (j).

On the eve of trial, defendant made a verbal *Marsden* motion objecting to certain aspects of his legal representation. At the hearing, he clarified that he would "stipulate I will accept the attorney, but I am hoping that per the language [in] *Marsden*, admonish my attorney to complete a few pertinent tasks." The trial court denied the motion. Defendant made a subsequent *Marsden* motion seeking to replace his attorney. After holding a hearing, the court denied that motion as well.

Defendant entered a negotiated plea of no contest to possession for sale of methamphetamine (Health & Saf. Code, § 11378) and admitted the prior strike in exchange for a dismissal with a *Harvey*[2] waiver of the balance of charges and allegations against him. The parties stipulated that the factual basis was as stated in the probation report. The report recited that Butte Interagency Narcotics Task Force agents had received information that defendant, who was on post release supervision and subject to warrantless search, was involved with narcotics trafficking and use, was living at a home that was not his registered address, and was in possession of a firearm. Based on that information, agents conducted a search of the home where they found and detained a

---

[1] Further undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

2

number of individuals including defendant.  A search revealed $901 in defendant's pocket, a bag containing 28.3 grams of methamphetamine on the living room floor, another bag containing 2.4 grams of methamphetamine and a used syringe on top of the dresser in defendant's bedroom, six unused syringes inside a bag near defendant's bed, and 0.5 grams of methamphetamine hidden in a secret pouch sewn into defendant's pants. Agents also found, among other things, an unloaded .22-caliber pistol in the top dresser drawer of a bedroom occupied by defendant's roommates, multiple rounds of ammunition and a digital scale with heroin residue on it in the living room, and a bag containing 53.7 grams of heroin under the refrigerator.

At sentencing, defendant requested that the trial court strike his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.  The court denied the motion.

The court sentenced defendant to the middle term of two years on count one, doubled due to the prior strike, for an aggregate sentence of four years in state prison. The court awarded defendant 856 days of presentence custody credit (428 actual days plus 428 days of conduct credit), and imposed the following fees and fines:  a $1,680 restitution fine (§ 1202.4); a $1,680 parole revocation fine (§ 1202.45), stayed pending successful completion of parole; a $40 court operations assessment (§ 1465.8, subd. (a)(1)); a $30 court facility fee (Gov. Code, § 70373); a fee of $195 which included a $50 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)) plus associated fees, surcharges, penalties, and assessments as detailed in the probation report; a fee of $585 which included a $150 drug program fee (Health & Saf. Code, § 11372.7, subd. (a)) plus associated fees, surcharges, penalties, and assessments as detailed in the probation report; $736 for the cost of the presentence investigation report (§ 1203.1b), and a public defender fee of $420.  Defendant did not object to the imposition of those fees and fines.

Defendant filed a timely notice of appeal.  The trial court denied his request for a certificate of probable cause.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.)  Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
Duarte, J.

We concur:


/s/
Hull, Acting P. J.


/s/
Butz, J.